**WAYNE COUNTY COMMON PLEAS COURT**
**CIVIL DIVISION**
215 NORTH GRANT STREET
WOOSTER, OHIO 44691
(330) 287-5590
**SUMMONS**

JENNIFER FREEMAN

    Plaintiff

CASE NO. 2021 CVC-H 000328

vs.

DUTCH QUALITY STONE, et al

    Defendant

> **EXHIBIT**
> tabbies®
> _A_

To: **DUTCH QUALITY STONE**
    18012 DOVER ROAD
    MT. EATON, OHIO 44659

To the above named defendant(s):

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) had been filed against you in this court by the plaintiff(s) named herein. You are required to serve upon the plaintiff's attorney, or upon the plaintiff if he/she has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you. Said answer must be filed with this court within three days after service on plaintiff's attorney.

The name and address of the plaintiff's attorney is as follows:
    STEVEN J. BRIAN
    81 MAPLECREST STREET SW
    NORTH CANTON, OH 44720

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

By: _Jane E. Margison_
Deputy Clerk

9/22/2021

SummonsCivil

IN THE COURT OF COMMON PLEAS
WAYNE COUNTY, OHIO

JENNIFER FREEMAN, Individually:    CASE NO.   **2021 CVC-H 000328**
and as Administrator of the
Estate of MICHAEL WAYNE       :
FREEMAN, Deceased
316 Maple Street            :
Gnadenhutten, Ohio 44629

                         :

     Plaintiff,

                         :      JUDGE    **MARK K WIEST**

     -vs-

                         :      **C O M P L A I N T**
DUTCH QUALITY STONE          **Type: Civil Action**
18012 Dover Road           :      **Wrongful Death and**
Mt. Eaton, Ohio 44659         **Survivorship**

                         :

     And

                         :

JOHN DOES 1 THROUGH 3
INCLUSIVE, DEFENDANTS WHOSE    :
NAMES AND ADDRESSES ARE
UNKNOWN TO THE PLAINTIFF AT    :
THIS TIME

                         :

     Defendants.

                         :

**BRIAN LAW OFFICES**
81 Maplecrest Avenue, S.W
North Canton, Ohio 44720
(330) 494-2121
sbrian@brianlaw.com

Now comes the Plaintiff, by and through counsel, undersigned, and hereby states for her Complaint as follows:

### COUNT I:

### PARTIES, JURISDICTION; AND VENUE

1.    At all times pertinent to this action, Plaintiff, JENNIFER FREEMAN, was the wife of MICHAEL WAYNE FREEMAN, deceased.

2.    Plaintiff, JENNIFER FREEMAN, is the duly appointed, qualified, and acting Administrator of the Estate of MICHAEL WAYNE FREEMAN, and was appointed such by the Tuscarawas County Probate Court. (Letters of Authority attached hereto as Exhibit "A.")

3.    At all times pertinent to this action, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, resided at 4869 Belden Drive SE, in the City of Uhrichsville, County of Tuscarawas, State of Ohio.

4.    At all times pertinent to this action, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, was an employee of Valley Trucking Service (not a party to this action) and was charged with responsibilities including, but not limited to, delivering cement and other materials to one of Valley Trucking Service's customers, Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, whose facility is located at 18012 Dover Road, in the Village of Mt. Eaton, County of Wayne, State of Ohio.

2

5.    At all times pertinent to this action, Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, was a duly organized corporation transacting business in the State of Ohio and who owned and/or operated the facility located in Wayne County, referenced above.

6.    At all times relevant hereto, Defendants JOHN DOES 1 THROUGH 3, INCLUSIVE, are persons and/or entities whose names and addresses the Plaintiff does not know and has been unable to presently ascertain, and may be a proximate cause of the incident alleged herein. Defendants, JOHN DOES 1 THROUGH 3, INCLUSIVE, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiffs to discover the names of Defendants, JOHN DOES 1 THROUGH 3, INCLUSIVE, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiffs when such information becomes fully known to the Plaintiffs.

3

## COUNT II:

## GENERAL ALLEGATIONS

7.    Plaintiff incorporates by reference as though fully rewritten the allegations of Paragraphs 1 through 6.

8.    At some time prior to September 23, 2019, Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, contracted with Valley Trucking Service (not a party to this action) for the delivery of concrete to be pumped into containers or silos situated upon the property of the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE.

9.    At all times pertinent to this action, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, was an agent and/or employee of Valley Trucking Service (not a party to this action) and was at all times pertinent to this action acting within the course and scope of his agency and/or employment and lawfully and knowingly upon the premises of the of Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, for the purpose of delivering and pumping concrete into appropriate containers, as referenced above.

10.   At all times pertinent to this action, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, was a business invitee and or licensee upon the premises of the Defendant, DUTCH QUALITY STONE,

4

and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, described above, with the full knowledge, permission, and invitation of said Defendant.

11.   At all times pertinent to this action the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, were charged with the duty of maintaining, repairing, and keeping free from nuisance and hazard, the business facility identified above.

12.   On September 23, 2019, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, while delivering and pumping concrete into the containers at the location of the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, facility, identified above, was required to stand and work upon a platform adjacent to the noted containers.

13.   On September 23, 2019, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, did fall from the noted platform at the Defendant's facility, identified above, and sustained injuries ultimately fatal in nature.

14.   At all times pertinent to this action, the platform and surrounding structure which the Defendant's suppliers and vendors were required to use (including but not limited to Valley Trucking Services)was improperly guarded, constructed, maintained, and/or repaired thereby creating a fall hazard known to the Defendant.

15.   At all times pertinent to this action, the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, by and through its agents and/or employees negligently failed to warn

5

of the existence of the noted hazard.

16.   On September 23, 2019, and as a direct and proximate result of the incident described above, and the negligence of the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, by and through its agents and/or employees, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, did fall from the platform to the ground below suffering injuries which resulted in his death on September 23, 2019.

17.   The injuries suffered by the Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, and his resulting death, were the direct and proximate result of the active and/or inactive negligence on the part of the Defendant, its agents and/or employees, in:

a)   Creating a dangerous, hazardous, and latent peril upon the premises including, but not limited to, improperly guarding, constructing, maintaining, and/or repairing the platform and it's surrounding structure including, but not limited to the railing or barrier, and/or

b)   Subjecting the Plaintiff's Decedent to a hidden danger and risk of injury known to said to Defendants but unknown and not reasonably discoverable to Plaintiff; and/or

c)   Failing to warn the Plaintiff's Decedent of a hazard known to said Defendants; and/or

d)   Failing to exercise reasonable care for the safety of the Plaintiff's Decedent and other business invitees and

6

licensees under the circumstances; and/ or

      e)    Failing to maintain and keep the subject premises in good repair and free from nuisance.

## COUNT III:

### SURVIVORSHIP ACTION

18.   Plaintiff, JENNIFER FREEMAN, Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, incorporates by reference as though fully rewritten the allegations of Paragraphs 1 through 17.

19.   Plaintiff, JENNIFER FREEMAN, as the duly appointed Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, and pursuant to O.R.C. Section 2125.01 brings this claim on behalf of the Plaintiff's Decedent.

20.   The Plaintiff states that Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, caused the injuries and resulting death to Plaintiff's Decedent as stated above.

21.   As a direct and proximate result of the Defendant's negligence, the Plaintiff's Decedent suffered massive injuries that ultimately led to his untimely death.

22.   As a direct and proximate result of the Defendant's negligence, the Plaintiff's Decedent suffered physical and mental pain and suffering until his tragic death.

7

### COUNT IV:

### WRONGFUL DEATH ACTION

23.  Plaintiff, JENNIFER FREEMAN, Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, incorporates by reference as though fully rewritten the allegations of Paragraphs 1 through 22.

24.  Plaintiff, JENNIFER FREEMAN, the duly acting, appointed, and qualified Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, and pursuant to O.R.C. Section 2125.02 brings this claim on behalf of the Beneficiaries of that Estate.

25.  Plaintiff states as a direct and proximate result of the Defendant's negligence the Beneficiaries of MICHAEL WAYNE FREEMAN, Deceased, have suffered the loss of the care, companionship, services, society, guidance, support, counsel of the Decedent, have also suffered severe mental anguish, emotional distress, and other injuries and damages.

WHEREFORE, Plaintiff, JENNIFER FREEMAN, Individually, and as the Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, demands judgment against the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, in an amount which will fully and fairly compensate the Plaintiff and the Beneficiaries for their injuries, damages, and losses said amount

believed to exceed Twenty-five Thousand Dollars ($25,000.00) together with interest as allowed by law and the costs of this action.

Respectfully submitted,

**BRIAN LAW OFFICES**

By: _____
Steven J. Brian (0039716)
Attorney for Plaintiff
81 Maplecrest Street S.W.
North Canton, Ohio 44720
Telephone (330) 494-2121
Facsimile (330) 494-3259
E-Mail: sbrian@brianlaw.com

TO THE CLERK:

Please serve a copy of the foregoing Summons and Complaint by Certified U.S. mail, returnable according to law, upon the Defendants at the addresses listed at the heading of this Complaint.

_____
Steven J. Brian
Attorneys for Plaintiff

9

e-filed on 09/22/2021 02:28 PM in Wayne County, Ohio

IN THE COURT OF COMMON PLEAS
WAYNE COUNTY, OHIO

JENNIFER FREEMAN, Individually :
and as Administrator of the
Estate of MICHAEL WAYNE    :
FREEMAN, Deceased
316 Maple Street         :
Gnadenhutten, Ohio 44629
                       :
    Plaintiff,
                       :
    -vs-
                       :
DUTCH QUALITY STONE
18012 Dover Road        :
Mt. Eaton, Ohio 44659
                       :
    And
                       :
JOHN DOES 1 THROUGH 3
INCLUSIVE, DEFENDANTS WHOSE :
NAMES AND ADDRESSES ARE
UNKNOWN TO THE PLAINTIFF AT :
THIS TIME
                       :
    Defendants.
                       :

CASE NO.  **2021 CVC-H 000328**

JUDGE  **MARK K WIEST**

AMENDED COMPLAINT
**Type:  Civil Action
Wrongful Death and
Survivorship**

**BRIAN LAW OFFICES**
81 Maplecrest Avenue, S.W
North Canton, Ohio 44720
(330) 494-2121
sbrian@brianlaw.com

Now comes the Plaintiff, by and through counsel, undersigned, and hereby states for her Complaint as follows:

## COUNT I:

### PARTIES, JURISDICTION; AND VENUE

1.   At all times pertinent to this action, Plaintiff, JENNIFER FREEMAN, was the wife of MICHAEL WAYNE FREEMAN, deceased.

2.   Plaintiff, JENNIFER FREEMAN, is the duly appointed, qualified, and acting Administrator of the Estate of MICHAEL WAYNE FREEMAN, and was appointed such by the Tuscarawas County Probate Court. (Letters of Authority attached hereto as Exhibit "A.")

3.   At all times pertinent to this action, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, resided at 4869 Belden Drive SE, in the City of Uhrichsville, County of Tuscarawas, State of Ohio.

4.   At all times pertinent to this action, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, was an employee of Valley Trucking Service (not a party to this action) and was charged with responsibilities including, but not limited to, delivering cement and other materials to one of Valley Trucking Service's customers, Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, whose facility is located at 18012 Dover Road, in the Village of Mt. Eaton, County of Wayne, State of Ohio.

2

5.   At all times pertinent to this action, Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, was a duly organized corporation transacting business in the State of Ohio and who owned and/or operated the facility located in Wayne County, referenced above.

6.   At all times relevant hereto, Defendants JOHN DOES 1 THROUGH 3, INCLUSIVE, are persons and/or entities whose names and addresses the Plaintiff does not know and has been unable to presently ascertain, and may be a proximate cause of the incident alleged herein. Defendants, JOHN DOES 1 THROUGH 3, INCLUSIVE, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiffs to discover the names of Defendants, JOHN DOES 1 THROUGH 3, INCLUSIVE, this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiffs when such information becomes fully known to the Plaintiffs.

## COUNT II:

### GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference as though fully rewritten the allegations of Paragraphs 1 through 6.

8. At some time prior to September 23, 2019, Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, contracted with Valley Trucking Service (not a party to this action) for the delivery of concrete to be pumped into containers or silos situated upon the property of the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE.

9. At all times pertinent to this action, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, was an agent and/or employee of Valley Trucking Service (not a party to this action) and was at all times pertinent to this action acting within the course and scope of his agency and/or employment and lawfully and knowingly upon the premises of the of Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, for the purpose of delivering and pumping concrete into appropriate containers, as referenced above.

10. At all times pertinent to this action, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, was a business invitee and or licensee upon the premises of the Defendant, DUTCH QUALITY STONE,

4

and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, described above, with the full knowledge, permission, and invitation of said Defendant.

11.   At all times pertinent to this action the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, were charged with the duty of maintaining, repairing, and keeping free from nuisance and hazard, the business facility identified above.

12.   On September 23, 2019, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, while delivering and pumping concrete into the containers at the location of the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, facility, identified above, was required to stand and work upon a platform adjacent to the noted containers.

13.   On September 23, 2019, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, did fall from the noted platform at the Defendant's facility, identified above, and sustained injuries ultimately fatal in nature.

14.   At all times pertinent to this action, the platform and surrounding structure which the Defendant's suppliers and vendors were required to use (including but not limited to Valley Trucking Services)was improperly guarded, constructed, maintained, and/or repaired thereby creating a fall hazard known to the Defendant.

15.   At all times pertinent to this action, the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, by and through its agents and/or employees negligently failed to warn

5

of the existence of the noted hazard.

16.  On September 23, 2019, and as a direct and proximate result of the incident described above, and the negligence of the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, by and through its agents and/or employees, Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, did fall from the platform to the ground below suffering injuries which resulted in his death on September 23, 2019.

17.  The injuries suffered by the Plaintiff's Decedent, MICHAEL WAYNE FREEMAN, and his resulting death, were the direct and proximate result of the active and/or inactive negligence on the part of the Defendant, its agents and/or employees, in:

a)  Creating a dangerous, hazardous, and latent peril upon the premises including, but not limited to, improperly guarding, constructing, maintaining, and/or repairing the platform and it's surrounding structure including, but not limited to the railing or barrier, and/or

b)  Subjecting the Plaintiff's Decedent to a hidden danger and risk of injury known to said to Defendants but unknown and not reasonably discoverable to Plaintiff; and/or

c)  Failing to warn the Plaintiff's Decedent of a hazard known to said Defendants; and/or

d)  Failing to exercise reasonable care for the safety of the Plaintiff's Decedent and other business invitees and

6

licensees under the circumstances; and/ or

   e) Failing to maintain and keep the subject premises in good repair and free from nuisance.

## COUNT III:

### SURVIVORSHIP ACTION

 18. Plaintiff, JENNIFER FREEMAN, Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, incorporates by reference as though fully rewritten the allegations of Paragraphs 1 through 17.

 19. Plaintiff, JENNIFER FREEMAN, as the duly appointed Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, and pursuant to O.R.C. Section 2125.01 brings this claim on behalf of the Plaintiff's Decedent.

 20. The Plaintiff states that Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, caused the injuries and resulting death to Plaintiff's Decedent as stated above.

 21. As a direct and proximate result of the Defendant's negligence, the Plaintiff's Decedent suffered massive injuries that ultimately led to his untimely death.

 22. As a direct and proximate result of the Defendant's negligence, the Plaintiff's Decedent suffered physical and mental pain and suffering until his tragic death.

7

## COUNT IV:

### WRONGFUL DEATH ACTION

23. Plaintiff, JENNIFER FREEMAN, Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, incorporates by reference as though fully rewritten the allegations of Paragraphs 1 through 22.

24. Plaintiff, JENNIFER FREEMAN, the duly acting, appointed, and qualified Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, and pursuant to O.R.C. Section 2125.02 brings this claim on behalf of the Beneficiaries of that Estate.

25. Plaintiff states as a direct and proximate result of the Defendant's negligence the Beneficiaries of MICHAEL WAYNE FREEMAN, Deceased, have suffered the loss of the care, companionship, services, society, guidance, support, counsel of the Decedent, have also suffered severe mental anguish, emotional distress, and other injuries and damages.

WHEREFORE, Plaintiff, JENNIFER FREEMAN, Individually, and as the Administrator of the Estate of MICHAEL WAYNE FREEMAN, Deceased, demands judgment against the Defendant, DUTCH QUALITY STONE, and/or JOHN DOES 1 THROUGH 3, INCLUSIVE, in an amount which will fully and fairly compensate the Plaintiff and the Beneficiaries for their injuries, damages, and losses said amount

8

believed to exceed Twenty-five Thousand Dollars ($25,000.00) together with interest as allowed by law and the costs of this action.

Respectfully submitted,

**BRIAN LAW OFFICES**

By: _____
Steven J. Brian (0039716)
Attorney for Plaintiff
81 Maplecrest Street S.W.
North Canton, Ohio 44720
Telephone (330) 494-2121
Facsimile (330) 494-3259
E-Mail: sbrian@brianlaw.com

TO THE CLERK:

Please serve a copy of the foregoing Summons and Complaint by Certified U.S. mail, returnable according to law, upon the Defendants at the addresses listed at the heading of this Complaint.

_____
Steven J. Brian
Attorneys for Plaintiff

9

**FILED** PROBATE COURT OF TUSCARAWAS COUNTY, OHIO

### ESTATE OF MICHAEL WAYNE FREEMAN, DECEASED

SEP 17 2021

### CASE NUMBER 2021 ES 61027

PROBATE COURT
TUSCARAWAS COUNTY, OHIO

## ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

(For Executors and all Administrators)

Name and Title of Fiduciary:  **JENNIFER FREEMAN, ADMINISTRATOR**
**316 MAPLE STREET**
**GNADENHUTTEN, OH 44629**

On hearing in open Court, the application of the above fiduciary for authority to administer decedent's estate, the Court finds that:

Decedent died intestate, on 09/23/2019, domiciled in Uhrichsville, County of Tuscarawas, State of Ohio.

**(Check one of the following):** ☐ Bond is dispensed with by the Will; ☒ Bond is dispensed by law; ☐ Applicant has executed and filed an appropriate bond, which is approved by the Court.

Applicant is a suitable and competent person to execute the trust.

The Court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate. This entry of appointment constitutes fiduciary's letters of authority.

September 17, 2021

_____
ADAM W. WILGUS, Probate Judge

## CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

(SEAL)

_ADAM W. WILGUS_
Probate Judge

By _Chonell_
Deputy Clerk

Date  SEP 17 2021

# EXHIBIT A

FORM 4.5 SP – ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

DUTCH QUALITY STONE
18012 DOVER ROAD
MT. EATON, OHIO 44659

Case # 2021 CVC-H 000328